UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAY S. MARCELLO | CIVIL ACTION |
| VERSUS | 19-14609 |
| TYRONE D. HOLLAND, ET AL. | SECTION: "J" (5) |

## ORDER & REASONS

Before the Court are a *Motion for Summary Judgment* **(Rec. Doc. 16)** filed by Defendant Jarrett Justice d/b/a Dansk Express LLC ("Dansk"), an opposition thereto (Rec. Doc. 17) filed by Plaintiff Ray S. Marcello, and a reply (Rec. Doc. 22) filed by Dansk. Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from injuries allegedly sustained by Plaintiff in a motor vehicle accident on December 5, 2018, in Lafourche Parish, Louisiana. Plaintiff contends that his vehicle collided with a tractor-trailer operated by Defendant Tyrone Holland ("Holland") when Holland made an improper U-turn and pulled directly in front of Plaintiff without leaving him time to stop. Dansk has stipulated that Holland was acting in the course and scope of his employment with Dansk when the collision occurred.[1]

---

[1] (Rec. Doc. 15).

Plaintiff filed suit against Holland, Dansk, and various insurers, raising, as relevant here, claims of direct negligence against Holland and claims of direct negligence and vicarious liability against Dansk. Plaintiff's direct negligence claims against Dansk include negligent entrustment, negligent hiring, and negligent supervision.[2] After the case was removed to this Court, Dansk filed the instant motion for summary judgment. The motion is before the Court on the briefs and without oral argument.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

---

[2] (Petition for Damages, Rec. Doc. 1-4, at 3).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

When examining matters of state law, the Court will employ the principles of interpretation used by the state's highest court. *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 564 (5th Cir. 2010). Mindful of Louisiana's distinction between primary and secondary sources of law, the Court will begin its analysis with reliance on the Louisiana Constitution and statutes before looking to "'jurisprudence, doctrine, conventional usages, and equity, [which] may guide the court in reaching a decision in the absence of legislation and custom.'" *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004) (quoting LA. CIV. CODE art. 1 rev. cmt. b). If the Court must make an "*Erie* guess" on an issue of Louisiana law, the Court will decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* The Court is not strictly bound by the decisions of the state intermediate courts and may disregard them if the Court is "convinced that the Louisiana Supreme Court would decide otherwise." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007).

## DISCUSSION

Dansk seeks dismissal of Plaintiff's direct negligence claims against it. Dansk argues that, under Louisiana law, a plaintiff cannot maintain direct negligence claims against an employer where the employer has admitted that the defendant-employee was acting within the course and scope of his employment with the employer and the employer would be vicariously liable for the employee's alleged negligence.

While the Supreme Court of Louisiana has not ruled on this issue, the First, Third, and Fifth Circuits agree with Dansk's position. *See Elee v. White*, 19-1633 (La. App. 1st Cir. 7/24/20), ___ So. 3d ____, 2020 WL 4251974, at *4; *Landry v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 19-337 (La. App. 5th Cir. 12/30/19), 289 So. 3d 177, 185-86, *writ denied*, 20-188 (La. 5/1/20), 295 So. 3d 945; *see also Libersat v. J&K Trucking, Inc.*, 00-192 (La. App. 3d Cir. 10/11/00), 772 So. 2d 173, 179 (affirming trial court's refusal to give jury instructions on negligent hiring and training), *writ denied*, 01-458 (La. 4/12/01), 789 So. 2d 598. As explained by the court in *Elee*:

> The summary dismissal of [the plaintiff's] direct negligence claim will not impinge on the factfinder's role to determine facts and assess fault. This is because [the plaintiff's] direct negligence claim against [the employer] is essentially subsumed in the direct negligence claim against [the employee]; an employee driver's negligence may include his employer's negligence for lapses in hiring, training, and supervision. On the other hand, if [the employee] was not negligent in causing the subject accident, then a factfinder could not reasonably find that [the employer's] failure to properly hire, train, or supervise him was a legal cause of the accident.

2020 WL 4251974, at *3 (citations omitted). This Court, as well as the Western and Middle Districts of Louisiana, have repeatedly adopted this view. *See, e.g., Rivera v.*

*Robinson*, No. 18-14005, 2020 WL 5658899, at *2 (E.D. La. Sept. 23, 2020) (collecting cases); *see also Wilcox v. Harco Int'l Ins.*, No. 16-187, 2017 WL 2772088, at *3 (M.D. La. June 26, 2017); *Dennis v. Collins*, No. 15-2410, 2016 WL 6637973, at *8 (W.D. La. Nov. 9, 2016). *But see Gordon v. Great W. Casualty Co.*, No. 2:18-CV-00967, 2020 WL 3472634, at *4-5 (W.D. La. June 25, 2020).

Plaintiff contends that the instant case is distinguishable because Defendants have been "evasive" about insurance coverage and there is a possibility that Dansk may be covered for direct negligence claims against it but not for the vicarious liability claims. However, Plaintiff has failed to create a genuine dispute of material fact on this issue because he has failed to produce a copy of the insurance policy, which Defendants represent has been produced to Plaintiff in discovery.[3] Additionally, although he notes that the Supreme Court of Louisiana has not ruled on this issue, Plaintiff does not argue that it would decide the issue otherwise. *See In re Katrina Canal Breaches*, 495 F.3d at 206. Rather, as Defendants point out, the Supreme Court of Louisiana recently had an opportunity to review this issue and declined to do so. *See Landry*, 295 So. 3d 945. "Although the denial of a writ does not have jurisprudential value, it demonstrates that the Supreme Court of Louisiana had the opportunity to address the question at hand but declined to do so." *Rivera*, 2020 WL 5658899, at *4.

Accordingly, the Court agrees with the Third Circuit's statement of the rule:

[A] plaintiff cannot maintain a direct negligence claim, such as negligent hiring, training, supervision, etc., against an employer, while simultaneously maintaining a claim against the alleged negligent

---

[3] Nonetheless, Defendants have provided the Court with a copy of the policy. (Rec. Doc. 22-1).

> employee for which the plaintiff seeks to hold the employer vicariously liable, after the employer has admitted that the employee was in the course and scope of employment at the time of the alleged conduct.

*Elee*, 2020 WL 4251974, at *4. Because Plaintiff has asserted negligence claims against Holland, the employee, as well as direct negligence and vicarious liability claims against Dansk, the employer, and Dansk has admitted that Holland "was acting in the course and scope of his employment with" Dansk when the collision between Holland and Plaintiff occurred,[4] Plaintiff's direct negligence claims against Dansk must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Dansk's *Motion for Summary Judgment* **(Rec. Doc. 16)** is **GRANTED**, and Plaintiff's direct negligence claims against Dansk are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 8th day of October, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[4] (Rec. Doc. 15).