UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAY S. MARCELLO | CIVIL ACTION |
| VERSUS | 19-14609 |
| TYRONE D. HOLLAND, ET AL. | SECTION: "J" (5) |

## ORDER & REASONS

Before the Court is a *Motion for Partial Summary Judgment* **(Rec. Doc. 28)** filed by Plaintiff Ray S. Marcello. The motion is opposed by Defendants Tyrone D. Holland, Jarret Justice d/b/a Dansk Express, LLC ("Dansk"), and Certain Underwriters at Lloyds, London (Rec. Doc. 37), and Plaintiff filed a reply (Rec. Doc. 38). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from injuries allegedly sustained by Plaintiff in a motor vehicle collision on December 5, 2018, in Lafourche Parish, Louisiana. Plaintiff contends that his vehicle collided with a tractor-trailer operated by Defendant Holland when Holland made an improper U-turn and pulled directly in front of Plaintiff without leaving him time to stop, resulting in Plaintiff's car striking the right side of Holland's trailer.[1] Holland was working for Dansk at the time of the

---

[1] (Rec. Doc. 28-3, at 16).

collision.[2] Following the collision, Holland was cited by Louisiana State Trooper Jamon Green for making an improper turn and eventually pleaded guilty to that offense.[3]

Plaintiff filed suit against Holland, Dansk, and its insurer. Dansk stipulated that Holland was acting within the course and scope of his employment when the collision occurred and moved for summary judgment on Plaintiff's direct negligence claim against it, which the Court granted.[4] Plaintiff maintains a direct negligence claim against Holland and a vicarious liability claim against Dansk. Plaintiff now seeks partial summary judgment on these claims.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *see Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or

---

[2] (Rec. Doc. 15).
[3] (Rec. Doc. 28-3, at 4).
[4] (Rec. Doc. 23).

unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Plaintiff seeks partial summary judgment on the issue of liability only. He contends that Holland is entirely at fault for the collision and that there is no evidence

3

he is responsible for it. He points to Trooper Green's decision to cite only Holland for the collision, that it was very dark at the time of the collision, and that Holland's trailer had two inoperative lights and dirty or dull conspicuity tape on the right side as evidence of Holland's negligence. Plaintiff also argues that because Holland was the one making a U-turn, he was required to exercise a higher degree of care

Defendants contend that although Plaintiff may have established that Holland was negligent, he cannot establish that he was not negligent. Defendants rely on Plaintiff's deposition testimony as well as that of his accident reconstruction expert to establish that Plaintiff was at least somewhat negligent.

First, when asked whether he was on his phone immediately prior to the collision, Plaintiff testified as follows:

> Q. And at that point in time [just prior to the collision], were you using your phone?
>
> A. I could possibly have been on it.
>
> Q. Okay. When you say "been on it," would that have been a telephone conversation or in a text conversation?
>
> A. Telephone conversation.
>
> Q. Do you have any idea with who you would have been talking?
>
> A. A friend of mine.
>
> Q. Okay. So it sounds like you got a little specific memory that there might have been a phone call at that time.
>
> A. There probably could have been a phone call.
>
> . . .
>
> Q. And were you on the phone with her at the actual moment of impact?

> A. I possibly could have been.
>
> . . .
>
> Q. Do you remember if immediately prior to impact you were having a conversation on your phone?
>
> A. Immediately after impact?
>
> Q. Immediately prior to impact.
>
> A. I don't know. I probably could have been on the phone with her before.
>
> Q. Okay.
>
> A. I'm just -- I'm just -- I'm just not sure.

(Rec. Doc. 37-2, at 1-3). Viewed in the light most favorable to Defendants, it is reasonable to infer that Plaintiff was having a phone conversation immediately prior to the collision.

Defendants also note that Plaintiff had his cell phone in a mount on the left side of his windshield, *id.* at 1, which was on the same side as where Plaintiff would have seen Holland's truck approaching. Plaintiff's expert testified that the placement of Plaintiff's phone on his windshield "could be" a distracting factor. (Rec. Doc. 37-3, at 1).

Based on this evidence, Defendants have established that Plaintiff is not entitled to summary judgment because a reasonable jury could infer that Plaintiff was partially negligent and that his negligence contributed to the collision. While the Court has granted summary judgment in similar situations before, *see, e.g.*, *Cosse v. Hartford Underwriters Ins. Co.*, No. 19-12169, 2021 WL 1600245 (E.D. La. Apr. 23, 2021), such cases are distinguishable from the instant matter because the defendants

failed to submit any evidence suggesting that another party was also at fault. Here, however, Defendants have provided evidence that Plaintiff was talking on the phone just before the collision and that the placement of his phone could have obscured his view of Holland's truck or otherwise distracted him from the road. Therefore, Plaintiff's motion should be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Partial Summary Judgment* **(Rec. Doc. 28)** is **DENIED**.

New Orleans, Louisiana, this 4th day of August, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE